UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLEY HENRY, LAURA HENRY,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendants. | Case No.: 3:17-cv-688-JM-NLS<br><br>**ORDER ON MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>**[ECF No. 34]** |

Before the Court is the Defendants' motion for entry of a protective order. ECF No. 34. The parties jointly requested the motion be heard on shortened time to facilitate a scheduled deposition. ECF No. 36. The Court granted that request. ECF No. 42. Plaintiffs filed their opposition and Defendants filed their reply consistent with the agreement of the parties. ECF Nos. 40, 43.

For the reasons discussed herein, the Court **GRANTS** Defendants' motion for entry of a protective order, and **DENIES** Plaintiffs' request for sanctions.

## I. FACTUAL BACKGROUND

This case arises from a home loan modification and alleges breach of contract and violations of the Fair Credit Reporting Act, Fair Debt Collection Act, and state equivalent statutes. ECF No. 1. In the course of discovery, Plaintiffs served Requests for

Production of Documents ("RFP") seeking, *inter alia,* servicing notes on the subject loan. ECF No. 34-1 at 1. Defendants' responses to the RFP included objections and stated that documents would be produced following agreement on a protective order. *Id.* at 2.

The parties began the meet and confer process and Defendants provided a standard stipulated protective order for consideration. *Id.* Following meet and confer conferences, supplemental responses, and the initial production of documents, Defendants reiterated that servicing notes would be produced under a protective order. *Id.* at 2-3. Plaintiffs did not agree to stipulate to a protective order during this process. *Id.*

Plaintiffs acknowledge that Defendants requested, on *many* occasions, that Plaintiffs stipulate to a protective order. ECF No. 40 at 2-4. Plaintiffs argue that each request was untimely and/or waived because it was not requested prior to the time that Defendants responded to discovery. *Id.* at 3 (lines 6-9). Plaintiffs responded to each of Defendants' requests that the Plaintiffs stipulate to a protective order by pointing out the untimely nature of the request. *Id.* at 3-4.

Forced to move for entry of protective order, Defendants filed the instant motion and were provided the first available hearing date consistent with the Local Rules 28-day hearing calendar requirements, April 26, 2018. The parties jointly stipulated for this motion to be heard on shortened time in light of a deposition of Defendant Ocwen scheduled for April 12, 2018 and submitted briefing accordingly so that documents may be produced subject to the protective order in advance of and for use in the deposition.

**II.    LEGAL STANDARD**

"Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). In order to satisfy the good cause

standard, the party seeking the protective order must explain what specific prejudice or harm will result without protection. *Id.* at 1211. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . [because the] trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Blanket protective orders are routinely approved for use in civil cases and consistent with the mandate that courts provide "just, speedy, and inexpensive" resolution in every action and proceeding. *Van v. Wal-Mart Stores, Inc.*, C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) ("Blanket protective orders serve the interests of a 'just, speedy, and inexpensive' determination of cases by avoiding the undue cost and delay that would ensue if courts had to make a good cause determination on a document-by-document basis for all documents exchanged in discovery that a party wished to protect."). The Ninth Circuit implicitly acknowledged that the use of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir. 2003) (noting that use of a blanket protective order was "understandable for the unfiled documents given the onerous burden document review entails").

"While blanket protective orders are usually based on a joint request of the parties—and courts generally **expect such cooperation among litigants**—the agreement of all parties is not required so long as certain conditions are met." *Van v. Wal-Mart*, 2011 WL 62499, at *2 (emphasis added) (*citing Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 121 F.R.D. 264, 268 (M.D.N.C. 1988)). Specifically, the party requesting the protective order must "make some threshold showing of good cause to believe that discovery will involve confidential or protected information," which "may be done on a generalized as opposed to document-by-

3

document basis." *Id.* Additionally, the parties "must agree to only invoke the designation in good faith." *Id.* Finally, the party receiving documents must have the right to challenge the confidentiality designations assigned to documents. *Id.*

## III. DISCUSSION

### A. Timeliness of the Motion for Protective Order

Plaintiffs argue that Defendants' motion is untimely, and that Defendants have "waived" the ability to seek a protective order by not requesting one prior to the deadline to respond to the RFPs. ECF No. 40 at 3, 5-8.

Rule 26(c), addressing protective orders, provides no time constraints for a request, and presumes that a request will not arise until discovery is pending. Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.").

Plaintiff cites to an unpublished Ninth Circuit opinion, *Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995), for the proposition that a request for protective order is timely if made prior to date set for the discovery. Not only is this opinion clearly identified as unpublished, it does not meet any of the requirements that otherwise allow for citation of unpublished authority. *See* Fed. R. App. P. 32.1,[1] Ninth Circuit Rule, 36-3.[2] The subsequent cites are also dated prior to 2007 and inapplicable, or out of circuit authority that is not binding.

---

[1] Federal Rule of Appellate Procedure, 32.1 states: "A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been:(i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued on or after January 1, 2007.

[2] Circuit Rule 36-3(c) states: "Citation of Unpublished Dispositions and Orders Issued before January 1, 2007. Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in the following circumstances. (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion. (ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case. (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or

4

Even so, Plaintiffs reliance on each case cited is misplaced: In *Seminara,* the Ninth Circuit concluded there was no abuse of discretion where the court *sua sponte* issued a protective order in circumstances where discovery responses had already been issued. Likewise, in *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 414 (M.D.N.C. 1991), the court held that a protective order was appropriate and "seasonable" where, as here, "defendant (1) noted its objections in the response to the written discovery, (2) submitted a proposed protective order prior to plaintiffs' motion to compel discovery, and (3) moved for a protective order…." These are exactly the facts before this Court and, as in *Brittain,* a protective order is appropriate and "seasonable." Finally, in *Berry v. Baca*, CV01-02069 DDP (SHX), 2002 WL 1777412, at *1 (C.D. Cal. July 29, 2002), the court addressed a protective order specific to a depositions and fee shifting request, not a protective order governing documents. This case is wholly inapplicable.

While ideally, parties will promptly move for a protective order at the outset of a case, this Court is aware of no case law, and Plaintiffs cite to none, where failure to request a protective order prior to issuing responses constitutes a waiver of the ability to seek a protective order. And where, as here, the first set of responses to discovery included that production of documents would occur subject to a protective order, there is no basis to argue waiver. Likewise, in cases involving financial information, protective orders are routinely used and often stipulated to by counsel. In this case, Defendants had no reason to think that a protective order would be objectionable and began the negotiations for one concurrently with the responses regarding the documents that would subject to the protective order. The Court finds Defendants' request was made within a reasonable time and is timely. Fed. R. Civ. P. 26(c).

///

///

---

rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders."

**B. Good Cause for Protective Order**

Defendants assert good cause exists for entry of a protective order because the "confidential servicing notes contain[] proprietary trade secrets." ECF No. 34-1 at 4. In addition to being proprietary, Defendants argue the servicing notes are "not publically [sic] available, and deserve protection from unfettered dissemination by the parties to this litigation." *Id.* at 5. Defendants articulate that the servicing notes are "integral to ensuring its financial security and preventing the occurrence of fraud on its business, employees and customers. Public dissemination of its servicing notes provides valuable information to competitors, potential fraudsters, identity thieves, and criminals by needlessly providing those individuals with information they may creatively use to scam, trick, and swindle Defendants and their customers." *Id.* The Court finds this presents good cause and adequately "explain[s] what specific prejudice or harm will result without protection." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d at 1211.

In opposition, Plaintiffs argue that "Defendants actions toward their own customers (Plaintiffs) deserves to be fully within the realm of public disclosure to warn customers … of extreme unfairness that Defendants have thrust upon Plaintiffs." ECF No. 40 at 1. Plaintiffs rely on *Performance Credit Corporation v. EMC Mortgage Corporation,* SACV 07-383 DOC RNBX, 2009 WL 10673235, at *1 (C.D. Cal. June 23, 2009) for the proposition that servicing notes should be produced without a protective order. ECF No. 40 at 10.

This Court reviewed the docket associated with *Performance Credit* via PACER and finds that a Stipulated Protective Order was entered in this case prior to the discovery dispute that is the subject of the cited order. *Performance Credit Corporation v. EMC Mortgage Corporation,* SACV 07-383 DOC RNBX, (Stipulated Protective Order, ECF No. 21, Dec. 21, 2007; Citation Order, ECF No. 84, June 23, 2009). *Performance Credit* does not support Plaintiff's position. There, the defendants requested a protective order in response to a motion to compel production. The *Performance Credit* court did not opine on the ability of the parties to make servicing notes available to the public at large,

only that they were relevant to the litigation and must be produced to the plaintiff. 2009 WL 10673235, at *3. In this case, there is no dispute that the documents will be produced, rendering any reliance on *Performance Credit* inapposite.

Balancing the interests of the parties, a protective order is appropriate. Defendants have demonstrated good cause, and Plaintiffs do not point to any prejudice that would result from the issuance of a protective order as this issue will be decided prior to the deposition scheduled for April 12, 2018 and the Servicing Notes at issue will be produced to Plaintiff for use and reference in this matter, under a protective order. A protective order permits discovery of the relevant documents to Plaintiffs while protecting financial and proprietary data that is not otherwise publicly available.

### C. Plaintiffs' Request for Sanctions

Plaintiffs seek sanctions in the amount of $2,988.90, representing the cost and time associated with research and opposition to the Defendants' motion for a protective order. Plaintiffs' request is **DENIED**. Given the good cause Defendants have shown as set forth above, Plaintiffs have shown no basis for an award of sanctions.[3]

### IV. CONCLUSION

Finding good cause, the Court enters the following Protective Order. Plaintiff did not submit any protective order to the Court for entry and so, the Court will enter a Protective Order consistent with the Model Protective Order for the Southern District of California and this Court's Chambers Rules. *See* Judge Stormes Civil Case Procedures, § VII. This protective order requires the parties to only invoke designations of confidentiality in good faith and provides a mechanism to challenge designations. Any such challenges remain subject to the Chambers' Rules addressing Discovery Disputes. *See* Judge Stormes Civil Case Procedures, § VI.

---

[3] The Court expects cooperation between the parties, and if, in the future, the Court finds a lack of cooperation or reasonableness from either party, the Court will not hesitate to impose sanctions. The Court finds this motion was wholly unnecessary and is demonstrative of the type of lack of cooperation that is unacceptable.

## V. PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties will be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

### DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms: Semnar & Hartman, LLP; McGuire Woods, LLP.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

   b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a) Executives who are required to participate in policy decisions with reference to this action;

    b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come

or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, for public policy reasons, or on its own order at any time in these proceedings.

**IT IS SO ORDERED.**

Dated: April 5, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

# **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare and say that:

1. I am employed as _____, by
_____.

2. I have read the Protective Order entered in *Henry v. Ocwen Loan Servicing, et al.*, Case Number 3:17-cv-0688-JM-NLS, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8, and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclose or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of _____ 201__, in the City of _____.

_____