UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLEY HENRY, LAURA HENRY,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendants. | Case No.: 3:17-cv-688-JM-NLS<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 2**<br><br>**[ECF No. 39]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2. ECF No. 39. Plaintiff Laura Henry ("Plaintiff") moves to compel additional documents from defendant Ocwen Loan Serving, LLC ("Defendant"). *Id.* at 1.

## I. BACKGROUND

This case arises from a home loan modification and alleges breach of contract and violations of the Fair Credit Reporting Act, Fair Debt Collection Act, and similar state statutes. ECF No. 1. Plaintiff propounded Requests for Production of Documents on December 20, 2017. ECF No. 39 at 3. Defendant requested and was given an extension of time to respond, until February 21, 2018. *Id.* at 8. As the deadline for responses drew closer, Defendant requested an additional extension, which Plaintiff at first appeared to be agreeable to and then clearly denied as of February 19, two days prior to the response

deadline. *Id.* Defendant timely provided initial responses on February 21, 2018 that contained objections only and did not include a document production at that time. *Id.* Plaintiff's counsel began the meet and confer process, and Defendant agreed to produce documents by March 16, 2018. *Id.* at 4-5. On March 13, 2018, Defendant produced upwards of 1500 pages of documents as well as supplemental responses.[1] *Id.* at 5, 9.

Plaintiff reviewed the production and prepared its portion of the Joint Motion. ECF No. 39 at 5. Defendant argues Plaintiff failed to properly meet and confer following Defendant's supplemental responses and production, but nonetheless prepared its portion of the Joint Motion. *Id.* at 10.

It is clear to the Court after reviewing the Joint Motion and Joint Statement (Ex. A) that Plaintiff did not adequately meet and confer following Defendant's supplemental responses and production. However, it also not clear to the Court that ordering a further meet and confer will be productive for most of the requests, and so addresses Plaintiff's arguments.

## II. DISCUSSION

Plaintiff's motion to compel identifies four issues as problematic, paraphrased as follows: (1) the responses provided did not identify which documents were responsive to which request; (2) documents were withheld pending entry of a protective order; (3) documents contained redactions without explanation; and (4) no privilege log was provided. ECF No. 39 at 2. Plaintiff does not dispute that 1500 pages of responsive documents were produced. *Id.* at 5.

### A. Defendant's Responses

Plaintiff argues Defendant's responses are deficient because they do not correlate responsive documents to specific requests. ECF No. 39 at 12. Defendant correctly points

---

[1] Defendant withheld some documents subject to entry of a protective order. *Id.* at 9. Since the time the parties submitted this joint motion, the Court has entered a protective order. ECF No. 44. It is not clear whether Defendant has since produced the documents withheld until a protective order was in place.

2

to Rule 34's disjunctive nature: documents may be produced as they are ordinarily kept *or* corresponding to the categories of the request. ECF No. 39 at 17. Particularly in light of the limited scope of this case, and relatively small number of documents involved, the Court sees no reason (and Plaintiff points to none) that Defendant should be compelled to identify precisely which documents are responsive to each request.

### B. Privilege Log and Redactions

Plaintiff argues—in only its introduction—that no privilege log was provided and that redactions were made to documents without production of privilege log. ECF No. 39 at 2-3. As to the matter of a privilege log, Defendant responds that no documents were withheld on the grounds of privilege so no privilege log is necessary. Plaintiff fails to show any reasonable basis to believe otherwise responsive documents were withheld on the basis of privilege and so fails to satisfy her burden. There is nothing left to compel.

As to the redactions, Defendant also explains that redactions were made solely to "confidential information, such as portions of the loan number, social security numbers and birth dates, which it routinely redacts for confidentiality purposes and for ease of use of the Bate[s] stamped documents in public filings and trial." *Id.* at 6. Plaintiff argues that a privilege log is necessary for Plaintiff to evaluate what privilege or confidentiality is being asserted and whether that assertion is proper. ECF No. 39 at 3.

The Court will not require a redaction log for the redaction of plainly confidential information such as account numbers, social security numbers, birthdates or addresses. Not only is redaction of this information responsible, it is common practice and brings the documents into compliance with the Southern District's ECF Policies and Procedures, §1.h ("…parties must refrain from including, or must partially redact where inclusion is necessary, the following personal identifiers from all pleadings and documents filed with the court, including exhibits thereto: 1. Social Security numbers … 4. Financial account numbers … 5. Home address…."). Moreover, where these documents were produced to Plaintiff prior to the time a protective order was place, the redaction of confidential information is particularly appropriate. However, if Plaintiff has a good faith reason to

believe the redactions included information other than "confidential information, such as portions of the loan number, social security numbers and birth dates" as the Defendant suggests, the Plaintiff must, in writing, (1) identify by Bates stamp number the redaction(s) in question, (2) clearly articulate the good faith basis for any belief that other than confidential information was redacted. Upon receipt of any challenge, Defendant is **ORDERED** to meet and confer regarding that content and to settle the dispute may re-produce any challenged documents under the protective order.

### C. Document Requests

Plaintiff's motion purports to move to compel additional documents in response to nearly every request issued (Nos. 1-27, 31-36, 38-45), but does not identify any documents or categories of documents believed to be withheld or missing in response to any requests, apart from those that Defendant indicated would be produced subject to a protective order.

Defendant responds that all relevant documents have been produced, or would be under a protective order. *See* ECF No. 39 at 16 ("Ocwen's production included its communications with Plaintiffs, Plaintiffs' counsel, the Consumer Financial Protection Bureau, a copy of its title insurance policy, the loan documents, recorded documents and credit reports on Plaintiffs").

Plaintiff's portion of the Joint Statement for each request simply argues that each request seeks relevant documents. *See* ECF No. 39, Ex. A. Defendant's responses largely fall into three categories: First, that Defendant has produced responsive documents and the motion to compel is moot. *See* ECF No. 39 Ex. A, (Requests 1-21, 27, 31-33). The second category of responses points to a potential confusion between a Better Business Bureau complaint, for which Defendant states it was unable to locate any responsive documents, and a complaint with the Consumer Financial Protection Bureau, for which documents were produced. ECF No. 39 Ex. A, (Requests 34-36, 39-41, 43-45). The third and final category of responses largely indicate that some documents were

produced, and confidential servicing notes would be produced under a protective order. *See* ECF No. 39 Ex. A, (Request Nos. 22-26, 38, 42).

For those requests that fall into the first category, Defendant produced documents in response to Plaintiff's requests. Plaintiff does not satisfactorily identify any basis to believe the production was incomplete or inadequate. Plaintiff's motion to compel is **DENIED** as to Requests 1-21, 27, 31-33.

For the requests in the second category, Defendant represents that it searched for documents related to a Better Business Bureau complaint and was unable to locate any. Defendant also represents it produced documents reflecting a Consumer Financial Protection complaint. It appears there is nothing left to compel. Having searched for and found no documents relating to the Better Business Bureau, Defendant properly produced the documents it believed to be the target of the request. Plaintiff's motion to compel is **DENIED** as to Requests 34-36, 39-41, 43-45.

As to the remaining requests in the third category, Requests 22-26, 38, 42, for which additional responsive documents may have been produced under the protective order, the Court **ORDERS** the parties to meaningfully meet and confer regarding any supplemental production since the entry of a protective order. If they have not already been produced, the confidential servicing notes that Defendant represented would be produced under a protective order must be produced by no later than **May 1, 2018**. It appears likely to the Court that production of documents under the protective order renders the remaining requests in this category moot as well. However, if following the meet and confer, Plaintiff is able to identify a document or category of documents missing or believed to be missing from Defendant Ocwen's production, Plaintiff may file a supplemental brief identifying (1) which of these specific document request is at issue, (2) what responsive documents or type of documents that have not been produced; and (3) the basis for any belief that those documents exist in Defendant's possession, custody, and control and were not produced.

5

3:17-cv-688-JM-NLS

**D. Attorneys' Fees**

Plaintiff's request for an award of attorneys' fees is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 17, 2018

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge