1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   ATLEY HENRY, LAURA HENRY,            Case No.: 3:17-cv-688-JM-NLS

12                            Plaintiff,
                                          **ORDER DENYING WITHOUT**
13   v.                                   **PREJUDICE DEFENDANTS' EX**
                                          **PARTE APPLICATION FOR AN**
14   OCWEN LOAN SERVICING, LLC, et        **ORDER REQUIRING PLAINTIFFS**
     al.,                                 **TO SUBMIT TO A MENTAL**
15                                        **EXAMINATION**
                              Defendants.
16
                                          **[ECF No. 57]**
17

18

19

20        Before the Court is the Defendants' ex parte application to conduct a mental

21   examination of each of the Plaintiffs pursuant to Rule 35.  ECF No. 57.  Plaintiffs oppose

22   the request.  ECF No. 58.  For the reasons that follow, Defendants' request is DENIED

23   WITHOUT PREJUDICE.

24   **I.     BACKGROUND**

25        This case arises from a home loan modification and alleges breach of contract and

26   violations of the Fair Credit Reporting Act, Fair Debt Collection Act, and similar state

27   statutes.  ECF No. 10 (First Amended Complaint).  Defendants assert that Plaintiffs are

28   seeking emotional distress damages now reaching at least $250,000 per Plaintiff, and

                                             1

which have been increasing over the pendency of litigation. ECF No. 57 at 1, 9. Defendants argue that Plaintiffs have put their mental state in controversy by this high value, ongoing claim, which comprises the entirety of the "actual damages" allegation. *Id.* at 7. Defendants conclude the emotional distress therefore qualifes as "unusually severe" and the Plaintiffs' mental health is "in controversy" rendering an independent medical examination ("IME") appropriate under Rule 35. *Id.* at 6-7.

Plaintiffs oppose the application and argue, in sum, that the emotional distress claims are not "unusually severe" simply because they comprise a high dollar amount. *See* ECF No. 58.[1] Plaintiffs reiterate that their emotional distress damages are based on general pain and suffering, and do not require an IME or anything beyond Plaintiffs' own testimony. *Id.* at 4-5. Plaintiffs also argue that the Defendants' request is premature, as there is not yet any discovery that would support the necessity of an IME and expert designations are not required until August. *Id.* at 8-9.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 35 governs mental examinations and authorizes the court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order may be made "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

A Rule 35 examination requires a showing that the party's mental or physical condition is "in controversy" and that there is "good cause" supporting the order.

---

[1] Plaintiffs also raise a procedural objection that there is not good cause for the Court to consider the application on an ex parte basis when a noticed motion is called for by Rule 35. ECF No. 58 at 1-3. In light of Plaintiffs' thorough and timely opposition, the Court sees no prejudice in proceeding to the merits of the dispute and finds that resolution of the matter under these circumstances is within the Federal Rules' direction that the courts "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

*Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). More than a showing of "mere relevance" is required to meet this standard. *Id.* at 118. A claim of emotional distress can place a person's mental state "in controversy" if accompanied with one or more of the following: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is 'in controversy.'" *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). The following factors are considered in determining if there is "good cause" to permit the examination: "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant, and; (4) whether plaintiff claims ongoing emotional distress." *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV1103892DOCSSX, 2013 WL 12122580, at *4 (C.D. Cal. Jan. 24, 2013).

Although FRCP 35 "is to be construed liberally in favor of granting discovery," "garden-variety" emotional distress is insufficient to put Plaintiff's mental state in controversy. *Turner,* 161 F.R.D. at 96; *see also Schlagenhauf,* 379 U.S. at 118. "One district court has characterized garden-variety claims for emotional distress as 'claims of generalized insult, hurt feelings, and lingering resentment' that 'do not involve a significant disruption of the plaintiff's work life and rarely involve more than a temporary disruption of the claimant's personal life.'" *Ortiz v. Potter,* 2010 WL 796960, at *3 (E.D. Cal. Mar. 5, 2010) [quoting *Javeed v. Covenant Medical Center Inc.,* 218 F.R.D. 178, 179 (N.D. Iowa, Apr. 3, 2001) ]. Another district court distinguished a garden-variety claim of emotional distress from "a claim of psychic injury or psychiatric disorder." *Houghton v. M & F Fishing, Inc.,* 198 F.R.D. 666, 668 (S.D. Cal. Jan. 10, 2001) [quoting *Sabree v. United Broth. of Carpenters & Joinders of America, Local No. 33,* 126 F.R.D. 422, 426 (D. Mass. June 8, 1989) ]. *See also, Nguyen v. Qualcomm Inc.*, CIV. 09-1925-MMA WVG, 2013 WL 3353840, at *3 (S.D. Cal. July 3, 2013).

3:17-cv-688-JM-NLS

"Regardless of whether the 'good cause' requirement is met, it is within the Court's discretion to determine whether to order an examination." *Nguyen v. Qualcomm Inc.*, 2013 WL 3353840, at *4.

## III.  DISCUSSION

The Court agrees with Plaintiffs that the request for an IME is premature at this juncture.  An IME may, eventually, be appropriate in this case because Plaintiffs are claiming significant emotional distress damages of an ongoing nature, and those damages comprise the only actual damages alleged. *See Nguyen v. Qualcomm Inc.*, 2013 WL 3353840, at *5 ("In concluding that Plaintiff's mental condition is 'in controversy,' the Court also considers that a large portion of her claimed damages are for emotional distress. Numerous district courts have held that 'when emotional distress damages are a major component of a damages claim, a litigant's mental health is in controversy.' [collecting cases]")(internal citations omitted).  Arguably, there is little else "in controversy" in this case, which is otherwise governed by contract and statutes that, once decided, leave little in the way of damages to dispute. *See* ECF No. 10 (First Amended Complaint).

However, at this juncture no other *Turner* factors are satisfied. *Id.* at *6 (S.D. Cal. July 3, 2013) (noting courts generally require the party seeking to compel the evaluation to establish one of the five *Turner* factors).  There are no allegations for intentional or negligent infliction of emotional distress or a concession that mental condition is in controversy.  Nor is there testimony from Plaintiffs to show that Plaintiffs are making the claims of "significant" or "egregious" as opposed to "garden variety" emotional distress, which may show that either or both of the Plaintiffs' claims are unusually severe or that they have suffered a specific mental or psychiatric injury or disorder. *See* ECF No. 58 at 7 (citing to *Olsen v. County of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009)).[2]  Nor is

---

[2] Plaintiffs' brief incorrectly attributes its quote to an in-circuit and in-district opinion relied on by both parties: *Nguyen v. Qualcomm Inc.*, 2013 WL 3353840.

it clear whether Plaintiffs intend to offer expert testimony to support their claims. Should Plaintiffs' testimony or expert designations alter the current landscape of the litigation, an IME may be appropriate and could be conducted during the expert discovery period. *See, Luque-Villanueva v. County of San Diego*, 16CV2945-GPC (NLS), 2018 WL 2149366, at *2 (S.D. Cal. May 10, 2018) (permitting IME during expert discovery period).

## IV. Conclusion

At this phase of litigation, the allegations are for "garden variety" emotional distress and the Court will exercise its discretion to **DENY WITHOUT PREJUDICE** the Defendants' ex parte application to conduct an IME.

**IT IS SO ORDERED**.

Dated:  June 21, 2018

Hon. Nita L. Stormes
United States Magistrate Judge